**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ICG-Internet Commerce Group, Inc., an Arizona Corporation d/b/a www.hollywoodsextapes.com,<br><br>    Plaintiff,<br><br>vs.<br><br>James Wolf and Jane Doe Wolf, husband and wife; Prose Only, Inc., a foreign corporation d/b/a www.beerandshots.com; Jon Montroll, husband d/b/a www.cologuys.com; Jane Doe Montroll, wife,<br><br>    Defendants. | No. CV 06-01345-PHX-EHC<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Summary Judgment (Dkt. 12). Defendant James Wolf[1] ("Defendant Wolf") filed the only response.[2] (Dkt. 21). For the reasons

---

[1] Defendant Wolf is appearing *pro se*. The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). Litigants have a statutory right to self-representation in civil matters, see 28 U.S.C. § 1654, and are entitled to meaningful access to the courts. Rand, 154 F.3d at 957, citing Bounds v. Smith, 430 U.S. 817, 823, 97 S.Ct. 1491 (1977); Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963 (1974); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747 (1969); Hatfield v. Bailleaux, 290 F.2d 632, 637 (9th Cir. 1961). Consequently, the Court tolerates informalities from civil *pro se* litigants like Defendant. On the other hand, corporate entities such as Prose Only, Inc., must be represented by counsel. See Rowland v. California Men's

discussed herein, Plaintiff's Motion for Summary Judgment (Dkt. 12) is granted in-part, and denied in-part.

**I.    Background**

The following facts are undisputed except as otherwise indicated. Plaintiff is the operator of several adult-oriented websites, including a site located at www.hollywoodsextapes.com. (Plaintiff's Separate Statement of Facts "PSOF" ¶ 1). In late 2005, Plaintiff acquired an interest in the copyright to a video featuring supermodel Carolyn Murphy (the "Murphy Video"). (PSOF ¶ 2; Abbate Decl. ¶ 3). On April 24, 2006, the Copyright Office issued a Certificate of Registration (No. PAu3-019-056) for an audiovisual work entitled "Home Video." (Dkt. 1, Ex. A). The Certificate of Registration indicates that the work was authored by Jack R. Schroeder as "camera operator" and Carolyn Murphy as "camera operator" in 1999. (Dkt. 1, Ex. A). Plaintiff's ownership interest in the work derives from a transfer of Jack R. Schroeder's rights "per written contract." (Dkt. 1, Ex. A). The work referred to in Certificate of Registration No. PAu3-019-056 is the Murphy Video. (PSOF ¶ 5).

Defendant Wolf is the owner of Defendant Prose Only, Inc. ("Prose"). (PSOF ¶ 3). Defendants Wolf and Prose operated an adult-oriented website called www.beerandshots.com, which was hosted by Cologuys, a Texas-based sole-proprietorship operated by Defendant Jon Montroll. (PSOF ¶ 4). On or about May 9, 2006, Plaintiff discovered that www.beerandshots.com had a 3-minute excerpt of the Murphy Video

---

Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201, 121 L. Ed. 2d 656, 113 S.Ct. 716 (1993) ("save in a few aberrant cases," 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.") Thus, the Court does not interpret Defendant Wolf's individual response as a response on behalf of his corporation, Prose Only, Inc.

[2]Defendants were previously granted a 60-day extension of time to respond to Plaintiff's Motion for Summary Judgment and warned that the Court may construe their failure to respond as consent to Plaintiff's motion pursuant to Local Rule of Civil Procedure 7.2(i). (Dkt. 18). Defendants Prose Only, Inc.'s failure to respond provides an alternative grounds for granting summary judgment against it.

1   available for viewing for free via the website.³ (PSOF ¶ ).  Plaintiff did not grant Defendants
2   any license to display, distribute, or reproduce the Murphy Video.⁴

3       Salvatore Abbate avows that he instructed his attorneys to contact Defendant Wolf to
4   ask him to cease any and all use of the Murphy Video.  (Abbate Decl. ¶ 6).   Defendant
5   Wolf's Answer (Dkt. 5) states that he was first contacted by Jon Montroll at Cologuys on or
6   about May 15, 2006 and that he removed the Murphy Video from his website within 48
7   hours.  Plaintiff contends that a statement on the website is proof that Defendant Wolf was
8   aware that he was making an unauthorized use of the Murphy Video.  (PSOF ¶ 8).  The
9   website contained a statement that "AZ based ICG is expecting huge sales from the steamy
10  sex tape," and "even though this is going to cost me another child - the Carolyn Murphy sex
11  tape is still up.  Despite the threats.  Tell your friends!!!"  (PSOF ¶ 8).

12      Defendant Wolf contends that prior to April 24, 2006, he received a phone call from
13  a "blocked number at after [*sic*] 6 PM in the evening[]...[from] a person who screamed
14  obscenities at [him]" and told him that he would be "[s]o f***ing sued if [he] did not remove
15  the video immediately[.]" (Dkt. 21).  Defendant Wolf also contends that the caller would "not
16  identify himself other than" by stating, "I am a lawyer." (Dkt. 21).  Defendant Wolf told the

---

³Plaintiff states in its statement of facts that "Beerandshots.com had published a 3-minute excerpt of the Murphy Video which it allowed to be viewed and downloaded for free via its website."  (PSOF ¶ 6).  Plaintiff cites the Declaration of Salvatore Abbate as the source of this fact, but the referenced paragraph of the Abbate declaration says only that the Murphy Video was "displayed" on www.beerandshots.com.  (Abbate Decl. ¶ 5).  Defendant Wolf asserts in his response that he did not "allow[] the video to be downloaded."  Making the Murphy Video available for download implicates the "distribution" right of 17 U.S.C. § 106(3), whereas the display of the Murphy Video –i.e. making it available for "viewing" via the Internet–implicates the separate "public display" right of 17 U.S.C. § 106(5).  Plaintiff's only evidence that the Murphy Video was made available for downloading is a screenshot of www.beerandshots.com that contains apparent hyperlinks to "Sex tape download souces [*sic*]."  (Dkt. 12, p. 3).

⁴Salvatore Abbate avows that the Carolyn Murphy, who jointly owns the copyright in the Murphy Video, "contacted Mr. Wolf several times" through her attorney "and that he refused to comply with their demands."  (Abbate Decl. ¶ 6).  Defendants do not point to any evidence that they received a license from Carolyn Murphy to use the Murphy Video.

1  anonymous caller that he "knew of no such copyrights and would gladly remove any
2  copyrighted material immediately upon receipt of such" knowledge. (Dkt. 21). Defendant
3  Wolf states, "Shortly after April 24th, Jon Montrol [*sic*] received a notice of copyright. He
4  phoned me, I removed the video immediately. Shortly after that, I received my own notice
5  of copyright from ICG." (Dkt. 21). Plaintiff filed suit against Defendants on May 22, 2006.
6  (Dkt. 1).

**II.     Summary Judgment Standard**

Summary judgment is appropriate "when there is no genuine issue of material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the nonmoving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the nonmovant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

If the moving party presents evidence that, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted in the absence of any significant probative evidence tending to support the opposing party's theory of the case. First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by

1 affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a
2 genuine issue for trial. Anderson, 477 U.S. at 249; Devereaux, 263 F.3d at 1076. A factual
3 dispute is genuine if the evidence is such that a rational trier of fact could resolve the dispute
4 in favor of the nonmoving party. Anderson, 477 U.S. at 248. A fact is material if
5 determination of the issue might affect the outcome of the case under the governing
6 substantive law. Anderson, 477 U.S. at 248. Thus, a party opposing a motion for summary
7 judgment cannot rest upon bare allegations or denials in the pleadings, but must set forth
8 specific facts demonstrating a genuine issue for trial. Anderson, 477 U.S. at 250. If the
9 nonmoving party's evidence is merely colorable or not significantly probative, a court may
10 grant summary judgment. See Anderson, 477 U.S. at 249; see also Cal. Architectural Bldg.
11 Prods., Inc. v. Franciscan Ceramics, 818 F.2d 1466, 1468 (9th Cir. 1987).

12 **III.    Copyright Infringement**

13 Plaintiff alleges that Defendants Wolf and Prose infringed upon its exclusive rights
14 to reproduce (17 U.S.C. § 106(1)), prepare derivative works (17 U.S.C. § 106(2)), distribute
15 (17 U.S.C. § 106(3)), and publicly display (17 U.S.C. § 106(5)). (Dkt. 1, ¶¶ 24-28).
16 Pursuant to Section 501(a) of the Copyright Act, "[a]nyone who violates any of the exclusive
17 rights of the copyright owner as provided by [17 U.S.C. § 106]....is an infringer of the
18 copyright or right of the author." 17 U.S.C. § 501(a). To prove that Defendants Wolf and
19 Prose infringed upon its exclusive rights, Plaintiff must establish: (1) ownership of a valid
20 copyright, and (2) copying of constituent elements of the work that are original. See Feist
21 Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (citing Harper & Row,
22 Publishers, Inc. v. Nation Enters., 471 U.S. 539, 548 (1985)).

23 It is undisputed that Plaintiff has established both of these elements. First, Plaintiff
24 has established ownership of a valid copyright, as evidenced both by its Certificate of
25 Registration for the Murphy Video and Defendant Wolf's Answer to the Complaint, which
26 admits that Plaintiff is the lawful co-owner of the copyright in the Murphy Video. (Dkt. 5,
27 ¶¶ 9,10). In addition, Defendant Wolf admits that he "posted the video" and "allowed it to
28 be viewed publicly." (Dkt. 5, ¶ 25). Defendant Wolf's posting of the Murphy Video to the

1 Internet was an act of direct copying in violation of 17 U.S.C. §§ 501, 106(1). The display
2 of the Murphy Video on Defendant Wolf's website was an act of public display in violation
3 of 17 U.S.C. §§ 501, 106(5). Plaintiff's allegation that Defendants Wolf and Prose prepared
4 unauthorized derivative works from the Murphy Video in violation of 17 U.S.C. § 106(2) by
5 editing its content and/or altering it to include the URL "BeerAndShots.com" went
6 unanswered by Defendants Wolf and Prose. (Dkt 1, ¶ 13). The Court construes this failure
7 to admit or deny as an admission. See Fed. R. Civ. P. 8(d). Thus, the Court finds that
8 Defendants Wolf and Prose infringed upon Plaintiff's rights to reproduce, publicly display,
9 and prepare derivative works.

10 Plaintiff also contends that the Murphy Video was distributed via
11 www.beerandshots.com, and was available for downloading, which is a violation of
12 Plaintiff's rights pursuant to 17 U.S.C. § 106(3). Defendant Wolf maintains, however, that
13 he did not allow the Murphy Video to be downloaded. (Dkt. 5, ¶ 25; Dkt 21). The May 9,
14 2006, screenshot of www.beerandshots.com, which Plaintiff offers as evidence of
15 distribution, contains apparent hyperlinks to "[s]ex tape download souces [*sic*]."
16 Nonetheless, the Court cannot determine the target of those links based on the screenshot
17 alone, whether they directed visitors to a source on www.beerandshots.com or another URL,
18 or whether they linked to a streaming or downloadable source file. Drawing all reasonable
19 inferences in favor of Defendants, there is a genuine issue of material fact as to whether
20 Defendants Wolf and Prose infringed upon Plaintiff's exclusive right to distribute copies of
21 the Murphy Video.

22 Finally, Defendant Wolf's claim that he believed the Murphy Video was in the public
23 domain is of no avail. In actions for statutory copyright infringement, such as this, the
24 innocent intent of the Defendant is not a defense to a finding of liability. See e.g., L.A. News
25 Serv. v. Conus Communs. Co. Ltd. Pshp., 969 F. Supp. 579 (C.D. Cal. 1997); see also 3
26 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.08 (2007) (authorities
27 cited therein).

28

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. 12) is granted against Defendants Wolf and Prose as to violations of 17 U.S.C. § 501 arising from infringement upon Plaintiff's exclusive rights to reproduce (17 U.S.C. § 106(1)), prepare derivative works (17 U.S.C. § 106(2)), and publicly display (17 U.S.C. § 106(5)). Plaintiff's Motion for Summary Judgment (Dkt. 12) is denied as to all Defendants as to violations of 17 U.S.C. § 501 arising from infringement upon Plaintiff's exclusive right to distribute copies (17 U.S.C. § 106(3)).[5]

**IV.   Damages**

Plaintiff has elected to recover statutory damages as pursuant 17 U.S.C. § 504(c). Section 504(c) provides that a successful plaintiff may recover "statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Where the copyright owner proves that the infringement was willful, a court, in its discretion may increase the award to an amount up to $150,000. 17 U.S.C. § 504(c)(2). In cases where the infringer proves that he was not aware and had no reason to believe that his acts constituted infringement, a court may reduce to statutory damages award to a sum of not less than $200. 17 U.S.C. § 504(c)(2).

Plaintiff contends that Defendants Wolf and Prose are willful infringers. Plaintiff points to the statement on www.beerandshots.com that read "even though this is going to cost me another child - the Carolyn Murphy sex tape is still up, Despite the threats. Tell your friends!!!" Plaintiff interprets this statement as an acknowledgment of illegal activity demonstrating willfulness under 17 U.S.C. § 504(c)(2) and warranting an award of $150,000

---

[5] Plaintiff's sole claim against Defendant Jon Motroll is brought for violation of Plaintiff's right to distribute copies under 17 U.S.C. § 106(3). (Dkt. 1, ¶ 36). Because there is a genuine issue of material fact as to whether the Murphy Video was being distributed on www.beerandshots.com, Plaintiff's motion for summary judgment as to Defendant Jon Montroll must be denied.

1 against Defendants Wolf and Prose. Another statement from www.beerandshots.com offered
2 by Plaintiff to prove willfulness states, "Carolyn Murphy and her husband shot some
3 personal footage over the course of their 17 day honeymoon in Barbados.  Now, sources say
4 AZ based ICG is expecting huge sales from the steamy sex tape."  (Dkt. 1, Ex. B).

5   The Copyright Act does not define "willful," but courts in the Ninth Circuit have held
6 that "willful" means with knowledge that the defendant's conduct constitutes infringement.
7 See Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332 (9th Cir. 1990); see also NIMMER
8 ON COPYRIGHT § 14.04 (2007).  At least one Circuit Court has held that on summary
9 judgment, willfulness cannot be proved by *constructive* knowledge of infringement, but must
10 be proved by evidence of the infringer's *actual* knowledge.  See Island Software & Computer
11 Serv. v. Microsoft Corp., 413 F.3d 257, 260-65 (2d Cir. 2005) (district court finding of
12 willfulness on summary judgment reversed by the Second Circuit where defendant repeatedly
13 denied *actual* knowledge, and where the district court had accepted the plaintiff's evidence
14 of *constructive* knowledge that showed a "reckless disregard" or "willful blindness" to the
15 plaintiff's interest).

16   The statements made on www.beerandshots.com suggest that Defendant Wolf had
17 some knowledge that posting the Murphy Video was wrongful. Defendant Wolf, however,
18 has consistently maintained that he believed the Murphy Video was public domain and that
19 when he first received the anonymous call he told the caller that he "knew of no such
20 copyrights and would gladly remove any copyrighted material immediately upon receipt of
21 such" knowledge. (Dkt. 5, ¶ 25; Dkt. 21).  Defendant Wolf claims that he merely quoted the
22 words that were screamed at him from the blocked phone number, and that he was not
23 bragging about illegal activity. (Dkt. 21).  Drawing every reasonable inference in favor of
24 Defendant Wolf, the Court finds that a genuine issue of material fact exists as to whether
25 Defendant Wolf had *actual* knowledge that his actions were infringing.  See Danjaq LLC v.
26 Sony Corp., 263 F.3d 942 (9th Cir. 2001) ("...one who has been notified that his conduct
27 constitutes copyright infringement, but who reasonably and in good faith believes the
28 contrary, is not 'willful' for these purposes.").  The Court is guided by the Second Circuit's

1 holding in <u>Island Software & Computer Serv.</u>, requiring proof of actual knowledge for a
2 finding of willfulness on summary judgment. <u>See</u> 413 F.3d at 260-65.

3     Plaintiff shall have 60 days from the date of this Order to conduct further discovery
4 on the limited issue of Defendants Wolf and Prose's alleged willfulness and file an amended
5 motion for summary judgment with a more fully developed factual record that demonstrates
6 *actual* knowledge of infringement. In the alternative, Plaintiff may amend its current motion
7 for summary judgment and seek statutory damages in the range provided by 17 U.S.C.
8 § 504(c)(1) for non-willful infringement, which the Court will consider without further
9 discovery.

## V.  Attorneys Fees and Costs

11     Plaintiff requests an award of attorneys fees pursuant to 17 U.S.C. § 505. "Attorneys
12 fees are generally (although not always) awarded to a prevailing plaintiff under 17 U.S.C.
13 § 505 to deter infringement and make the plaintiff whole." <u>JBJ Fabrics, Inc. v Mark</u>
14 <u>Industries, Inc.</u>, 5 U.S.P.Q. 2d 1414 (C.D. Cal. 1987) (citing <u>McCulloch v. Albert E. Price,</u>
15 <u>Inc.</u>, 823 F.2d 316, 323 (9th Cir. 1987)). Plaintiff is not entitled to attorneys fees incurred
16 prior to its registration of its copyright in the Murphy Video. <u>See</u> 17 U.S.C. § 412. And the
17 Court will not award attorneys fees against those Defendants who are found to have infringed
18 innocently or who have made good faith attempts to avoid infringement. <u>See</u> <u>McCulloch</u>,
19 823 F.2d at 323. Because the Court makes no finding as to Defendants Wolf and Prose's
20 willfulness, a decision on Plaintiff's request for attorneys' fees and costs will be reserved.

21     Accordingly,

22     **IT IS ORDERED**:

23         (1) Granting Plaintiff's Motion for Summary Judgment (Dkt. 12)
24 against Defendants James Wolf and Prose Only, Inc. as to
25 violations of 17 U.S.C. § 501, arising from infringement upon
26 Plaintiff's exclusive rights under 17 U.S.C. §§ 106(1), 106(2),
27 106(5).

(2) Denying Plaintiff's Motion for Summary Judgment (Dkt. 12) against Defendants James Wolf, Prose Only, Inc., and Jon Montroll as to violations of 17 U.S.C. § 501, arising from infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106(3).

(3) Plaintiff shall have 60 days from the date of this Order to conduct further discovery on the limited issue of Defendants Wolf and Prose's alleged willfulness and file an amended motion for summary judgment with a more fully developed factual record that demonstrates *actual* knowledge of infringement. In the alternative, Plaintiff may amend its current motion for summary judgment and seek statutory damages in the range provided by 17 U.S.C. § 504(c)(1) for non-willful infringement, which the Court will consider without further discovery.

(4) Denying without prejudice Plaintiff's Motion for Summary Judgment (Dkt. 12) to the extent it requests an award of attorney's fees and costs. Plaintiff shall raise the issue of attorneys' fees and costs in it's amended motion for summary judgment.

DATED this 25th day of September, 2007.

Earl H. Carroll
United States District Judge

- 10 -