Maria Crimi Speth, #0125742
David S. Gingras, #021097
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 248-1000
Fax: (602) 248-0522

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ICG-INTERNET COMMERCE GROUP, INC. an Arizona corporation d/b/a WWW.HOLLYWOODSEXTAPES.COM,<br><br>  Plaintiff,<br> vs.<br><br>JAMES WOLF and JANE DOE WOLF, husband and wife;<br>PROSE ONLY, INC., a foreign corporation d/b/a WWW.BEERANDSHOTS.COM;<br>JON MONTROLL and JANE DOE MONTROLL d/b/a WWW.COLOGUYS.COM;<br>DOES 1–10, inclusive,<br><br>  Defendants. | CIVIL NO.: CV06-1345-PHX-EHC<br><br>PLAINTIFF'S NOTICE OF AMENDMENT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Pursuant to this Court's order dated September 25, 2007 (Doc. #25), Plaintiff ICG-INTERNET COMMERCE GROUP, INC. ("ICG" or "Plaintiff") respectfully submits the following Notice of Amendment of its prior Motion for Summary Judgment against Defendants JAMES WOLF ("Mr. Wolf"), PROSE ONLY, INC., ("Prose") and JON MONTROLL ("Mr. Montroll").

In the 9/25/2007 order, this Court granted ICG's Motion for Summary Judgment, in part, with respect to Mr. Wolf, Prose, and Mr. Montroll.  However, in Section 3 on page 10 of the Court's ruling, the Court ordered that within 60 days,

Plaintiff may either: A.) conduct additional discovery on the issue of whether Defendants' infringement was willful; or B.) in the alternative, ICG may amend its motion to seek only statutory damages for non-willful infringement pursuant to 17 U.S.C. § 504(c)(1).

Pursuant to the Court's order, ICG respectfully gives notice that it has elected "<u>Alternative B</u>"; i.e., this Court may consider ICG's prior Motion for Summary Judgment as being amended to seek only statutory damages for <u>non-willful</u> infringement against all Defendants pursuant to 17 U.S.C. § 504(c)(1).  Because this section provides for an award of damages determined according to the Court's discretion, and because the facts underlying ICG's claims and damages have been previously briefed, ICG requests that the Court make whatever award it deems just and warranted under those facts.

With respect to the issue of attorney's fees, ICG concurs with the Court's observation that "Attorney's fees are generally (although not always) awarded to a prevailing plaintiff under 17 U.S.C. § 505 to deter infringement and make the plaintiff whole."  Doc. #25 at 9:11-13 (quoting *JBJ Fabrics, Inc. v. Mark Industries, Inc.*, 5 U.S.O.Q. 2d 1414 (C.D. Cal. 1987)).  Similarly, although the decision to award fees is always a matter within the Court's discretion, ICG agrees that fees should not necessarily be awarded in instances of innocent infringement or where the Defendants acted in good faith to avoid infringement.

By the same token, "<u>Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met</u>, although the fee awarded must be reasonable."  *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) (emphasis added) (citing *McCulloch v. Albert E. Price*, Inc., 823 F.2d 316, 323 (9th Cir. 1987)).  As part of this analysis, "Courts must make their determinations based on equitable circumstances.  The Ninth Circuit has identified five non-exclusive factors that a court may consider in deciding whether to award attorneys' fees pursuant to § 505: " 'the degree of success obtained;

frivolousness; motivation; objective unreasonableness ... and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp. 2d 1065, 1074 (D.Ariz. 2006) (quoting *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996)).

With these factors in mind, in *Streeter* Judge Jorgenson found that the plaintiff Twentieth Century Fox was entitled to attorney's fees and statutory damages even though judgment was entered against the Defendant by default because, "The Ninth Circuit has emphasized that 'in considering motions for attorneys' fees under § 505 of the Copyright Act, the district court should 'seek to promote the Copyright Act's objectives.'". *Streeter*, 438 F.Supp.2d at 1074.  In reaching that determination, Judge Jorgenson noted, "In this case, [Plaintiff] presented a set of facts that establish copyright infringement. [Plaintiff]'s motivation is pursuing this litigation is to protect its copyrights which is one of the objectives of the Copyright Act." *Id*. at 1074–75.

ICG's position is that the same logic applies here.  As explained in ICG's Motion for Summary Judgment:

> Here, Defendant Wolf simply took ICG's valuable property and gave it away for free on the Internet in order to draw attention and traffic to his own commercial site.  In doing so, Mr. Wolf destroyed the value of ICG's property, rendering it virtually worthless.  There was, and is, no valid excuse offered for this conduct, nor is there any basis for Mr. Wolf to have contested his liability in this case.  Mr. Wolf's position is therefore patently unreasonable, and the need to deter similar conduct in the future warrants nothing less than a full award of attorney's fees to ICG.

ICG's Mot. for Summary Judgment at 9:18–24.  For the sake of clarity, as indicated in the Affidavit of David S. Gingras in Support of ICG's Request for Attorney's fees, <u>none</u> of the fees at issue in this case were incurred prior to ICG's registration of the work which Defendants infringed.  All time spent post-dated that registration and acts of infringement.  As such, an award of fees, although discretionary, is appropriate.

**NOTICE OF AMENDMENT RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**www.HollywoodSexTapes.com**

-3-

1  As also reflected in the affidavit of counsel, ICG has incurred attorney's fees of $8,215.00 and costs of $980.82 in this matter. ICG respectfully requests an award of each of these amounts pursuant to 17 U.S.C. § 505, in addition to an award of statutory damages in an amount deemed appropriate by the Court.

In closing, the Court should note that ICG's prior motion did <u>not</u> seek willful-infringement damages against Defendants Prose and Mr. Montroll. As to those Defendants, ICG only requested such damages for non-willful infringement as the Court deems appropriate, and this request remains unchanged.

**RESPECTFULLY SUBMITTED** this 15th day of November, 2007.

**JABURG & WILK, P.C.**

By: /s/ David S. Gingras
    Maria Crimi Speth, Esq.
    David S. Gingras, Esq.
    Attorneys for Plaintiff ICG

**NOTICE OF AMENDMENT RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**www.HollywoodSexTapes.com**

-4-

9267-1/DSG/DSG/621811_v1

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2007 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John Montroll
8101 Chapin Road
Fort Worth, TX 76116
Defendant *Pro Se*
**FAX: 1-866-218-1533**

James Wolf
225 Linden Court #A
Lomira, WI 53048
**FAX: 800-625-6685**
WOLFYMAN@GMAIL.COM

I have also caused to be delivered a paper copy of the foregoing to:

Judge Carroll's Chambers
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, Arizona  85003


s/ David S. Gingras

**NOTICE OF AMENDMENT RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**www.HollywoodSexTapes.com**

-5-

9267-1/DSG/DSG/621811_v1