1  **WO**                                                                                          HJ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ICG-Internet Commerce Group, Inc., an Arizona Corporation d/b/a www.hollywoodsextapes.com,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>James Wolf and Jane Doe Wolf, husband and wife; Prose Only, Inc., a foreign corporation d/b/a www.beerandshots.com; Jon Montroll, husband d/b/a www.cologuys.com; Jane Doe Montroll, wife,<br><br>　　　　Defendants. | No. CV 06-01345-PHX-EHC<br><br>**ORDER** |

The Court previously granted in-part and denied in-part Plaintiff's Motion for Summary Judgment. (See Dkt. 25, reported at 519 F. Supp. 2d 1014). The Court granted Plaintiff an opportunity to amend its Motion for Summary Judgment as to its statutory damages request. Plaintiff had previously sought statutory damages against Defendant Wolf in the amount of $150,000 for willful infringement. The Court denied that request, noting that at the summary judgment stage, the Court would not award statutory damages for willful infringement without actual evidence of Defendant Wolf's willfulness. Thus, Plaintiff has filed an Amended Motion for Summary Judgment (Dkt. 26) in conformance with the Court's

1 order to seek statutory damages for non-willful infringement. Defendant Wolf filed a
2 response (Dkt. 28).
3   As already discussed at length in this Court's prior Order, the Court may award
4 Plaintiff "statutory damages for all infringements involved in the action, with respect to any
5 one work, for which any one infringer is liable individually, or for which any two or more
6 infringers are liable jointly and severally, in a sum of not less than $750 or more than
7 $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). The nature of Defendants'
8 infringement in this case warrants an award towards the high end of this range because
9 Defendants' acts served no useful purpose other than to damage Plaintiff's copyright interest.
10 Thus, the Court will award Plaintiff statutory damages in the amount of $20,000 against
11 Defendant Wolf, and $20,000 against Defendant Prose Only, Inc.[1]
12   An award of Plaintiff's attorney's fees and costs is also warranted in this case because
13 such an award encourages private enforcement of infringement by copyright owners like
14 Plaintiff and serves as a deterrent to would-be infringers. See Frank Music Corp. v. Metro-
15 Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989); see also McCulloch v. Albert E.
16 Price, Inc., 823 F.2d 316, 323 (9th Cir. 1987) ("fees are generally awarded to a prevailing
17 plaintiff"). Thus, pursuant to 17 U.S.C. § 505, Plaintiff will be awarded attorney's fees of
18 $8,215 and costs of $980.82.
19 //
20 //
21 //
22 //
23
24

---

[1] The Court denied summary judgment against Defendant Montroll because genuine issues of material fact exist as to whether the video was being *distributed* on www.beerandshots.com. Plaintiff shall inform the Court within 30 days if it intends on proceeding to trial against Defendants Montroll, Wolf and Prose Only, Inc. on the remaining claims.

1  Accordingly,

2  **IT IS ORDERED** granting Plaintiff's Amended Motion for Summary Judgment (Dkt.
3  26).

4  **IT IS FURTHER ORDERED** awarding Plaintiff statutory damages pursuant to 17
5  U.S.C. § 504(c) in the amount of $20,000.00 against Defendant James Wolf and in the
6  amount of $20,000.00 against Defendant Prose Only, Inc.

7  **IT IS FURTHER ORDERED** awarding Plaintiff attorney's fees pursuant to 17
8  U.S.C. §505 against Defendants James Wolf and Prose Only, Inc. in the amount of $8,215.00
9  and costs in the amount of $980.82.

10  **IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 54(b)
11  the Clerk shall enter a judgment against Defendants James Wolf and Prose Only, Inc. in
12  accordance with the above awards.

13  **IT IS FURTHER ORDERED** denying the Motion to Dismiss (Dkt. 22) filed by
14  Defendant James Wolf.

15  **IT IS FURTHER ORDERED** that Plaintiff shall within thirty (30) days of the date
16  of this Order inform the Court in writing whether it intends on proceeding to trial against
17  Defendants on the remaining claims.

18  DATED this 18th day of March, 2008.

_____
Earl H. Carroll
United States District Judge